



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Deaf Smith Co 1*

Hon. James W. Witherspoon
District Attorney
Hereford, Texas

Dear Sir:

Opinion No. O-961
Re: Construction of Article 827b,
Penal Code of Texas

Your letter, addressed to Attorney General Gerald C. Mann, has been referred to the writer for consideration and reply.

A part of your letter reads as follows:

"Along the imaginary line which is the West boundary of Deaf Smith County, a number of New Mexico citizens reside, who own trucks and motor vehicles. In addition to their farms in New Mexico, some of them either own or rent tracts of land in the West part of Deaf Smith County near the New Mexico and Texas boundary. These non-resident citizens of our state, have in the past done considerable trading in Hereford, Texas, and have hauled their wheat raised both in Texas and New Mexico to market in Hereford without being required to register their trucks in Texas. Their trucks are properly registered in the State of their residence. They travel country and lateral roads chiefly, until they get to Hereford, and then cross the main highway to the elevator. They are good people and poor, like practically all farmers, and, of course, do not want to be out the expense of registering their trucks in Texas, unless necessary, and most of them would prefer going to other points in New Mexico than coming to Hereford if they are required to pay out expense of registering their motor vehicles in Texas, when they are operated in Texas only

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

during the harvest season. Occasionally they come to Texas to buy some merchandise in seasons other than the harvest season, which is the latter part of June, July and the first part of August, but these trips are only occasionally.

"Will these farmers be required to register their trucks in Deaf Smith County, and purchase license or number plates? Where some of them, neighbors, trade work of cutting and combining wheat and also hauling wheat, should they be required to buy commercial license under these circumstances, and hauling their wheat raised in Texas or New Mexico to market in Hereford? * * * "

"Also advise me whether or not under Sec. 3, Art. 827b of the Penal Code and the definition of 'non-resident' therein contained, a non-resident who is temporarily working in Deaf Smith County, and who owns a car registered in the State of his residence, is required to buy Texas license, where the car is used in Texas only for the purpose of his family's pleasure, while he is sojourning here, and not for hire or in connection with his labor? Is such person only required, after the expiration of twenty-five days, to pay the Fifty Cents to the Tax Collector, as provided in the latter part of Section 3?

" * * * None of these day laborers expect to be here over thirty or forty days at the most and none of them as long as 180 days as mentioned in the definition of 'non-resident'.

"Also advise me what is the number of trips that is meant by 'occasional trips' into the State of Texas, as mentioned in the latter part of Section 3, Article 827b, Penal Code?"

Your attention is directed to Section 3, Article 827b, Penal Code of Texas:

" * * * Provided that nothing in this Act

shall prevent a non-resident owner of a motor vehicle from operating at will such vehicle in this State for the sole purpose of marketing farm products <u>raised exclusively by him</u>, nor a resident of an adjoining State or country from operating a privately owned and duly registered vehicle, nor operated for hire in this State at will, for the purpose of going to and from his place of regular employment and the making of trips for the purpose of purchasing goods, wares and merchandise. * * * " (Underscoring ours).

It is our belief that Section 5 of Article 827b, Penal Code of Texas, quoted above, was directed to and intended to alleviate the situation you describe in your first question. There is no question about the right of a non-resident owner of a duly registered vehicle to operate in carrying agricultural products raised exclusively by him to market at Hereford. Also, a non-resident may operate his privately owned duly registered vehicle to Hereford for the purpose of purchasing goods, wares and merchandise, and he may operate his duly registered vehicle to Hereford, where he is regularly employed.

The last sentence of Section 5, Article 827b, Penal Code of Texas, is as follows:

"And provided, further, that any non-resident owner of a privately owned motor vehicle may be permitted to make an occasional trip into this State with such vehicle under privileges of this Act without obtaining such temporary registration certificate."

It is our belief that the above said last sentence of Section 5, Article 827b, will not apply to exempt a non-resident owner of a duly registered vehicle hauling the agricultural products of another in return for labor or in exchange for labor or for hire, but that said non-resident owner must come within the provisions of Section 2, Article 827b, Penal Code of Texas, as follows:

" * * * Provided, however, that motor vehicles properly licensed in another State or

country operated for compensation or hire may be allowed to make not to exceed two (2) trips during any calendar month and remain on each of said trips within the State not to exceed four (4) days, without being registered in this State, in the event that under the laws of such other State or country like exceptions are granted to motor vehicles registered under the laws of and owned by residents of this State. * * * " (Underscoring ours).

Such trip would necessarily be for compensation or hire, and though the non-resident would be hauling agricultural products, they are not agricultural products raised exclusively by him.

Section 3, Article 827b, Penal Code of Texas, provides as follows:

"The non-resident owner or operator of any passenger car shall within twenty-five days after commencing to operate such vehicle, or causing or permitting it to be operated within this State apply to the Department, through any County Tax for the temporary registration thereof upon the appropriate official from stating therein the name and home address of the owner and the temporary address, if any, of the owner or operator while within this State, the registration number of said vehicle assigned thereto in the state or country in which the owner is a resident, together with such description of the motor vehicle as may be called for in the form and such other statements of fact that may be required by the Department. Said application shall contain owner's authorization for the Chairman of the Texas State Highway Commission to accept service in behalf of said owner in any suit arising out of damages resulting from injury caused by said owner operating a motor vehicle upon the highways of Texas. Provided this provision relating to acceptance of service shall be construed as cumulative of all other laws or parts of laws relating to the service on non-residents. Each such application shall

be accompanied by a fee of fifty cents, ten
cents to be retained by the Tax Collector
and fifteen cents to be placed in the General
Funds of the county where collected and twenty-
five cents to be remitted on Monday of each
week to the State Highway Department, together
with a copy of such receipt."

In answer to your second question, it is our
opinion that a person temporarily employed in Texas, has
the right to remain in Texas for a period of twenty-five
days without paying any fee. However, if the non-resi-
dent wishes to remain in Texas a longer period than
twenty-five days, it is necessary for him to go to the
local county Tax Collector and pay a fee of fifty cents,
whereby he will receive a temporary registration certi-
ficate entitling him to remain in Texas with his duly
registered vehicle for a total period of 120 days. In
the event the non-resident owner of a duly registered
vehicle desires to remain in Texas for a longer period
than 120 days, it is necessary that his vehicle be duly
registered in the State of Texas as any other Texas own-
ed vehicle.

In answer to your third question with reference
to the number of trips that is meant by "occasional trips"
into the State of Texas as mentioned in the last sentence
of Section 5, Article 827b above, we point out that there
has been no judicial construction of the term "occasional
trips". We believe that the term means "any number of
casual trips into the State". It is certain that a trip
not to exceed twenty-five days will not be prohibited,
and as pointed out above, any trip to purchase merchan-
dise or to a place of regular employment is not prohibit-
ed. Where a vehicle is operated for compensation or hire,
a non-resident owner may be allowed to make and to remain
four days on each trip without the payment of a registra-
tion fee. There is no sufficient analogy between the
operator of a passenger car or operator of a vehicle for
compensation or hire. Therefore, we believe that the non-
resident owner of a passenger car may make any number of
casual and occasional trips into the state of Texas with-
out securing a temporary registration fee.

Believing this to answer your inquiry,



Hon. James W. Witherspoon, page 6

we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Pat Coon*
Pat Coon
Assistant

PC:ob

APPROVED
OPINION
COMMITTEE
BY *Pwtz*
CHAIRMAN

APPROVED AUG 9, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS